**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL TAPIA,

                Plaintiff - Appellant,

  v.

HUNTINGTON PARK POLICE
DEPARTMENT, Erroneously Sued As
City of Huntington Park; CITY OF
HUNTINGTON PARK; MICHAEL
TREVIS; PAUL WADLEY; ELBA
GUERRERO,

                Defendants - Appellees.

No. 11-55433

D.C. No. 2:09-cv-07624-VBF-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted January 9, 2013
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT and WARDLAW, Circuit Judges, and BELL, District Judge.**

Paul Tapia appeals the District Court's grant of summary judgment to the Huntington Park Police Department and the City of Huntington Park. We have jurisdiction under § 28 U.S.C. § 1343(a)(3), and we affirm.

The district court correctly found that Tapia failed to provide adequate probative evidence on his theory of *Monell* liability to defeat summary judgment against him. *See Monell v. Dept. of Soc. Serv's.*, 436 U.S. 658 (1978). Tapia's § 1983 action was based on his contentions that Mayor and City Council member Elba Guererro pressured the Chief of Police to wrongfully terminate him from the police department, and that the Mayor is a policymaker for whose actions municipal liability attaches. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).[1] However, as permitted by California law, under the City of Huntington Park's municipal code neither the mayor nor any other individual council member has independent policymaking authority over personnel decisions. Only the City Council when sitting in a duly held meeting of the Council may give orders or

---

** The Honorable Robert Holmes Bell, District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

[1]The district court held that the City Manager may have been such a policymaker. As the district judge noted, however, Tapia does not allege that the City Manager was responsible for his termination.

instructions to the City Manager, who acts as the Council's agent with respect to such decisions. Huntington Park Muni. Code §§ 2-3.409, 2-3.411. The Huntington Park Municipal Code § 2-3.411 specifically prohibits individual council members from instructing the City Manager or employees under the City Manager's jurisdiction, which includes the Police Chief. Huntington Park Muni. Code § 2-3.405(b). Tapia failed to adduce evidence that the Council as a whole instructed anyone to terminate him or even that any council member other than Guererro was aware of his termination.

**AFFIRMED.**